2016 ND 110

In the Matter of the Application for DISCIPLINARY ACTION AGAINST

**Wade G. ENGET, A Member of the Bar of the State of North Dakota.**

**Disciplinary Board of the Supreme Court, Petitioner**

v.

**Wade G. Enget, Respondent.**

No. 20160139.

Supreme Court of North Dakota.

June 6, 2016.

PER CURIAM.

[¶ 1] The Court has before it the Findings of Fact, Conclusions of Law and Recommendations of a hearing panel of the Disciplinary Board recommending Wade G. Enget be suspended from the practice of law in North Dakota for 30 days with a six-month probation following his suspension, and recommending he pay costs of the disciplinary proceeding for violations of the North Dakota Rules of Professional Conduct. We accept the hearing panel's findings and recommendation for discipline. We suspend Enget from the practice of law for 30 days with a six-month probation following his suspension, and we order him to pay costs of the disciplinary proceeding in the amount of $7,114.57.

[¶ 2] Enget was admitted to practice law in North Dakota on October 10, 1984, and he is currently licensed to practice law.

[¶ 3] A summons and petition for discipline was filed with the Secretary of the Disciplinary Board on October 10, 2014. Enget filed an answer to the petition on December 31, 2014.

[¶ 4] In April 2003, a client met with Enget regarding legal issues surrounding her husband's death. The husband's will raised issues regarding the client's ability to inherit through the will. The personal representative named in the will predeceased the husband, and the client wished to be the personal representative. No written agreement was entered into between the client and Enget. Enget testified that he told the client he would represent her as personal representative, but could not represent her personally regarding any rights as a surviving spouse. The client testified Enget did not tell her that information. Enget commenced an informal probate, but because the husband's three sons did not waive their right to be appointed personal representative, formal probate was commenced in 2003. The client was appointed personal representative by the district court. A notice of creditors was published in March 2004.

[¶ 5] From late summer or early fall of 2004 to spring 2007, the client was in Colorado for medical treatment. The client received no communication from Enget in 2005, 2006, or 2008. She received limited communication in 2007. One of the husband's three sons met with Enget in November 2009, and an heirs agreement was created. The client refused the agreement when the son reviewed it with her. Enget testified he did not contact the client regarding the agreement.

[¶ 6] In February 2010, Enget received a letter from the son's attorney concerning failings in the husband's probate. Enget forwarded the email to the client, who responded. The client then retained other counsel for her personal rights. The client resigned as personal representative, and Enget withdrew as counsel for the personal representative. By this point, the time to file an inventory and close the estate had expired.

[¶ 7] The petition for discipline alleged Enget's conduct violated N.D.R. Prof. Conduct 1.1, 1.2(a), 1.2(c), 1.3, 1.4, 1.7(a), and 1.7(c). A hearing was held December 14, 2015, and December 15, 2015. On April 15, 2016, the hearing panel filed its findings of fact, conclusions of law and recommendations. The hearing panel concluded there was no clear and convincing evidence Enget's conduct violated N.D.R. Prof. Conduct 1.1, 1.2(a), 1.2(c), 1.7(a), or 1.7(c).

[¶ 8] The hearing panel concluded there was clear and convincing evidence Enget's conduct violated N.D.R. Prof. Conduct 1.3, Diligence, in that Enget failed to ensure his client complied with the re-

quirements imposed by North Dakota law when he allowed deadlines to file an inventory and close the estate pass with minimal instruction and no notice. The hearing panel concluded there was clear and convincing evidence Enget's conduct violated N.D.R. Prof. Conduct 1.4, Communication, in that Enget knowingly failed to adequately communicate with his client, having communicated with the client approximately ten times during the course of a nearly seven year representation; failed to provide substantive information as to the client's duties and the methods by which those duties were to be completed; and knowingly failed to communicate with the client regarding the heirs agreement he drafted in his capacity as the attorney for the estate.

[¶ 9] When considering an appropriate sanction, the hearing panel concluded Enget's conduct falls within the guidance provided by N.D. Stds. Imposing Lawyer Sanctions 4.42 and 7.2. The hearing panel recommended Enget be suspended for 30 days with a six-month probation following his suspension. It also recommended Enget pay the costs and expenses of these disciplinary proceedings in the amount of $7,114.57.

[¶ 10] This matter was referred to the Supreme Court under N.D.R. Lawyer Discipl. 3.1(F). Objections to the hearing panel's findings of fact, conclusions of law and recommendations were due within 20 days of the service of the report of the hearing panel. No objections were received.

[¶ 11] We agree N.D. Stds. Imposing Lawyer Sanctions 4.42 applies. We disagree N.D. Stds. Imposing Lawyer Sanctions 7.2 applies. We nevertheless agree with the recommended sanction because a 30–day suspension is warranted under either provision.

[¶ 12] The series 4 Standards generally apply to violations of duties owed to clients. *See* N.D. Stds. Imposing Lawyer Sanctions 4.0. Within that group, the 4.4 Standards relate to when a lawyer has not diligently handled a client matter:

4.4 Lack of Diligence

Absent aggravating or mitigating circumstances, upon application of the factors set out in Standard 3.0 [factors for consideration in imposing lawyer discipline], the following sanctions are generally appropriate in cases involving a failure to act with reasonable diligence and promptness in representing a client:

*Id.* at 4.4. Standard 4.42 more specifically provides:

4.42 Suspension is generally appropriate when:

(a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client, or

(b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client.

*Id.* at 4.42. These Standards apply to the violations found.

[¶ 13] The hearing panel's findings, conclusions and recommendations also relied on Standard 7.2. The series 7 Standards apply to violations of duties owed to the profession. N.D. Stds. Imposing Lawyer Sanctions 7.0 provides in pertinent part:

[T]he following sanctions are generally appropriate in cases involving false or misleading communication about the lawyer or the lawyer's services, improper communication of fields of practice, improper solicitation of professional employment from a prospective client, unreasonable or improper fees, unauthorized practice of law, improper withdrawal from representation, or failure to report professional misconduct.

*Id..*

[¶ 14]   Here, no violations were found regarding any duty owed to the profession. Rather, the violations were for lack of communications and diligence, which are duties owed to the client. Therefore, we do not adopt the hearing panel's conclusion that Standard 7.2 applies. We considered the matter, and

[¶ 15]   **ORDERED,** that the findings and recommendation for discipline are accepted.

[¶ 16]   **IT IS FURTHER ORDERED,** that Wade G. Enget is suspended from the practice of law for 30 days with a six-month probation following his suspension, effective July 1, 2016.

[¶ 17]   **IT IS FURTHER ORDERED,** that Enget must pay the costs and expenses of these disciplinary proceedings in the amount of $7,114.57 within 60 days of entry of the judgment, payable to the Sec-retary of the Disciplinary Board, Judicial Wing, 1st Floor, 600 East Boulevard Avenue, Bismarck, ND 58505–0530.

[¶ 18]   **IT IS FURTHER ORDERED,** that Enget must comply with N.D.R. Lawyer Discipl. 6.3 regarding notice.

[¶ 19]   **IT IS FURTHER ORDERED,** that reinstatement is governed by N.D.R. Lawyer Discipl. 4.5(B).

[¶ 20]   GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, CAROL RONNING KAPSNER, DANIEL J. CROTHERS and LISA FAIR McEVERS, JJ. concur.